ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JUL 21 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| PAUL TURNER, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| VALENTINE & KEBARTAS, INC., a Massachusetts corporation, | NO. _____ |
| Defendant. | 2 08-CV-0148-WCO |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant VALENTINE & KEBARTAS, INC. is a corporation organized under the laws of the State of Massachusetts. [Hereinafter, said Defendant is referred to as "VALENTINE."]

5. VALENTINE is subject to the jurisdiction and venue of this Court.

6. VALENTINE may be served by personal service upon its registered agent in the state of Massachusetts, to wit: Robert M. Kebartas, 15 Union Street, Lawrence, Massachusetts 01840.

7. Alternatively, VALENTINE may be served by personal service upon an authorized agent at its principle place of business, to wit: 15 Union Street, Lawrence, Massachusetts 01840.

8. Alternatively, VALENTINE may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Massachusetts.

## FACTS COMMON TO ALL CAUSES

9. VALENTINE uses the mails in its business.

10. VALENTINE uses telephone communications in its business.

11. The principle purpose of VALENTINE's business is the collection of debts.

12. VALENTINE regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

13. VALENTINE is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

14. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, VALENTINE communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

15. In or around July 2008, VALENTINE left a series of recorded voice mail communications for Plaintiff regarding an alleged debt.

16. In the voice mail communications, VALENTINE did not meaningfully disclose its identity.

17. In the voice mail communications, VALENTINE did not state that the communications were from a debt collector.

18. In the voice mail communications, VALENTINE did not state that the communications were an attempt to collect a debt.

19. Defendant's communications violate the Fair Debt Collection Practices Act.

20. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

21. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

22. Defendant's violations of the FDCPA include, but are not limited to, the following:

23. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

24. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

25. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

26. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

THE LAW OFFICES OF JAMES M. FEAGLE, P.C.

by: _____
James M. Feagle
Attorney for Plaintiff
Georgia Bar No. 256916

108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
jimfeagle@aol.com